## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: ) | | |
| JESSE COLONE, JR., aka ABDUL ) | | Appeal from 19 B 10192 |
| MUHAMMAD, ) | | |
| ) | | |
| Debtor. ) | | |
| _____) | | |
| ) | | |
| JESSIE COLONE, JR., aka ABDUL ) | | Case No. 19 C 6571 |
| MUHAMMAD, ) | | |
| ) | | Judge Sharon Johnson Coleman |
| Appellant, ) | | |
| ) | | |
| v. ) | | |
| ) | | |
| MARILYN O. MARSHALL, Chapter 13 Trustee, ) | | |
| ) | | |
| Appellee. ) | | |

## MEMORANDUM OPINION AND ORDER

Pro se debtor/appellant Jesse Colone, Jr. appeals the bankruptcy court's final order dismissing his Chapter 13 bankruptcy proceedings entered on September 18, 2019. Because Bankruptcy Judge Deborah L. Thorne properly exercised her discretion when granting the Trustee's motion to dismiss under 11 U.S.C. § 1307(c), the Court affirms the dismissal of Colone's bankruptcy case.

**Background**

On April 9, 2019, Colone filed a pro se voluntary petition for Chapter 13 bankruptcy protection.[1] In a schedule filed with his petition, Colone reported that he had only one debt, namely, the mortgage/note on his residence held by BAC Home Loans in the amount of $111,000.00. Approximately two weeks later, Colone filed his initial Chapter 13 plan, which stated

---

[1] Colone filed two other pro se petitions for Chapter 13 protection in the Northern District of Illinois, including case numbers 17 B 13682 and 15 B 19908. Colone also filed a pro se Chapter 7 petition in 2014 and received a discharge on March 2, 2015 in case number 14 B 35249. These cases are closed.

that he would make monthly payments to the Trustee in the amount of $ 2,070.00 per month for 60 months. Under the plan, the first scheduled payment was due on May 9. Colone did not make a payment at that time. Meanwhile, on May 22, the Trustee filed a motion to dismiss for unreasonable delay under 11 U.S.C. § 1307(c)(1).

At the first confirmation hearing on May 29, the bankruptcy judge continued all matters to June 24 pursuant to Colone's request. In the interim, Colone attended the meeting of his creditors on May 30. Also, on June 13, Bank of America ("BOA") filed a timely proof of claim listing mortgage arrears of approximately $165,000.00. Later in June, Colone amended his Chapter 13 plan in which he would pay $1,561.00 for 60 months with an estimated total payment of $93,660.00. During the pendency of Colone's bankruptcy proceedings, the Trustee received only one plan payment in the amount of $1,561.00 on June 24.

The bankruptcy judge presided over the second confirmation hearing on June 24, continuing all pending matters until August 21 per Colone's request. Colone then filed his first objection to BOA's proof of claim arguing that the bank is not the holder of his mortgage due to a broken chain of title. The bankruptcy court held the third confirmation hearing on August 21 and continued it to September 18. On September 3, BOA filed its response to Colone's objection, and on September 12, Colone filed another objection to BOA's proof of claim. He also filed another amended Chapter 13 plan that day.

At the fourth confirmation hearing on September 18, the bankruptcy court did not confirm the plan, but dismissed the case. In doing so, the bankruptcy judge overruled Colone's objections to BOA's proof of claim because the argument Colone raised, namely, that BOA did not own the debt, had been rejected in Colone's earlier Chapter 13 proceedings in case number 15 B 19908. Indeed, District Judge Robert Dow affirmed the 2015 bankruptcy court's decision in relation to BOA's proof of claim on September 9, 2016 in case number 15 C 10329.

**Standard of Review**

Federal district courts have jurisdiction over appeals from final orders of the bankruptcy court pursuant to 28 U.S.C. § 158(a)(1). District courts review the bankruptcy court's legal conclusions de novo and factual findings for clear error. *In re Chicago Mgmt. Consulting Grp., Inc.*, 929 F.3d 803, 809 (7th Cir. 2019). "Demonstrating clear error is no mean feat" because "[w]hen there are two permissible views of the evidence, the ... choice between them cannot be clearly erroneous." *Id.* (citation omitted). Further, district courts review a bankruptcy court's dismissal under 11 U.S.C. § 1307(c) for an abuse of discretion. *In re Hall*, 304 F.3d 743, 746 (7th Cir. 2002). A bankruptcy judge abuses her discretion if she bases her decision on an incorrect legal principle, a clearly erroneous factual finding, or if the record contains no evidence supporting her decision. *In re Knight-Celotex, LLC*, 695 F.3d 714, 721 (7th Cir. 2012).

**Discussion**

Construing Colone's pro se filings liberally, *Chronis v. United States*, 932 F.3d 544, 548 (7th Cir. 2019), he asserts that he did not cause any unreasonable delay that was prejudicial to his creditors under 11 U.S.C. § 1307(c)(1). "A debtor's unjustified failure to expeditiously accomplish any task required either to propose or to confirm a chapter 13 plan may constitute cause for dismissal under § 1307(c)(1)." *In re Ellsworth*, 455 B.R. 904, 915 (9th Cir. BAP 2011). Simply put, "[u]nreasonable delay occurs when a debtor has failed to take the necessary actions to obtain plan confirmation." *In re Thompson*, Case No. 19 B 6176, 2020 WL 728605, at *3 (Bkrtcy. N.D. Ill. Jan. 15, 2020).

The bankruptcy judge did not abuse her discretion in dismissing Colone's bankruptcy proceedings because her decision is support by the record. Although Colone submitted three separate Chapter 13 plans, he only made one plan payment and it was untimely under 11 U.S.C. § 1326(a)(1), which is a sufficient reason – alone – to dismiss this bankruptcy proceeding. 11 U.S.C. §

3

1307(c)(5). In addition, Colone's first two Chapter 13 plans failed to cure the pre-petition arrearage amount of approximately $165,000.00. By the time he filed a plan that could possibly cure the pre-petition mortgage arrears, Colone had already delayed his bankruptcy proceedings for approximately six months. Colone's delay in filing a viable Chapter 13 plan further supports the bankruptcy court's dismissal. *See In re Stevenson,* 583 B.R. 573, 580 (1st Cir. BAP 2018) ("[T]he most obvious example of an unreasonable delay prejudicial to creditors is the unjustified failure to file a reasonable plan of reorganization in a timely fashion.").

Next, Colone argues that the bankruptcy court erred in overruling his objections to BOA's proof of claim. Colone specifically argues that BOA is not a valid creditor and that he provided indisputable evidence to the bankruptcy court supporting this claim. The crux of Colone's argument is that there is a broken chain of title on his mortgage and that the Federal National Mortgage Association (Fannie Mae) is the owner of the note and mortgage. In his 2015 bankruptcy proceedings, Colone made this exact argument. Both the bankruptcy court and district court in that proceeding concluded that Colone had not rebutted BOA's proof of claim because BOA held the original note signed by Colone.

The doctrine of claim preclusion, also known as res judicata, applies in the context of bankruptcy proceedings. *In re Ranieri*, 598 B.R. 450, 455 (Bkrtcy. N.D. Ill. 2019); *see also Crop-Maker Soil Servs., Inc. v. Fairmount State Bank*, 881 F.2d 436, 439 (7th Cir. 1989) ("The doctrine of res judicata applies in the bankruptcy context."). "Federal law makes a judgment preclusive if there is (1) an identity of the parties or their privies; (2) an identity of the cause of action; and (3) a final judgment on the merits." *In re Ranieri*, 598 B.R. at 455. Because Colone has previously litigated the issue that BOA is not the holder of his mortgage/note to no avail, he is barred from bringing this claim in his 2019 bankruptcy proceedings. Therefore, the bankruptcy court's determination that Colone's had already litigated this argument is not in err.

**Conclusion**

For the reasons stated herein, this Court affirms the decision of the bankruptcy court. Civil case terminated.

**IT IS SO ORDERED.**

Date: 3/12/2020

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge